**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

WILLIAM MCDEVITT, as he is
ADMINISTRATOR, PAINTERS AND ALLIED
TRADES DISTRICT COUNCIL No. 35 TRUST
FUNDS,
      Plaintiff,

      vs.

NEW ENGLAND SANDBLASTING AND
PAINTING CORP.
      Defendant.

C.A. No.

## COMPLAINT

### NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 by employee benefit plans to collect any benefit contributions, continuing or past due interest, statutory liquidated damages, and reasonable attorneys' fees and costs that are due and owing.

2.      This is also an action pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by a labor organization for breach of a collective bargaining agreement, to collect any benefit contributions, continuing or past due interest, statutory liquidated damages, reasonable attorneys' fees and costs that are due and owing, to collect a $200 administrative fee related to arbitration of this dispute, and finally to confirm an arbitration award.

## JURISDICTION

3. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

4. Plaintiff William McDevitt is the Administrator of the Painters and Allied Trades District Council No. 35 Trust Funds ("Funds").  The Funds are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and "employee benefit plans" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Funds are administered at 25 Colgate Road, Suite 204, Roslindale, Massachusetts, within this judicial district.

5. Defendant New England Sand Blasting and Painting Corp. is a Massachusetts corporation with a principal place of business at 221 Cranberry Highway, West Wareham, MA, and is an employer engaged in commerce within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1) and §301 of the LMRA, 29 U.S.C. §185.

## FACTS

6. Defendant New England SandBlasting and Painting Corp. is a party to a collective bargaining agreement ("Agreement") between the Painters and Allied Trades District Council No. 35 ("Union") and the Painters and Finishing Employers Association of New England, Inc. and Glass Employers Association of New England, Inc.  The Agreement is a contract within the meaning of 29 U.S.C. §185(a).  A true and accurate copy of relevant pages of the Agreement is attached hereto as Exhibit A.

7. The Funds are third party beneficiaries of the Agreement.

8.      The Agreement requires signatory employers such as New England SandBlasting and Painting Corp. to make contributions to the Plaintiff Funds for each hour worked by employees.  The Agreement specifies the amount to be contributed by an employer to each of the Plaintiff Funds for each hour worked and specifies further that these amounts are to be paid by the fifth day of the subsequent month.

9.      The Agreement also provides that interest shall be charged at the rate of 1.5% per month on unpaid contributions.

10.       The Agreement provides that the New England Painting, Finishing & Glazing Industries District Council No. 35 Joint Trade Board ("Joint Trade Board") is authorized to hear and adjudicate questions of interpretation of the Agreement and grievances and complaints against members of either party to the Agreement or independent signatory employers for all alleged violations of the Agreement.

11.      The Agreement provides that Joint Trade Board decisions are binding on independent signatory employers, such as New England SandBlasting and Painting Corp.

12.      A hearing concerning New England SandBlasting and Painting Corp.'s failure to make its required interest payment took place before the Joint Trade Board on May 28, 2015.

13.      New England SandBlasting and Painting Corp. attended the May 28, 2015 hearing and were represented by legal counsel at that hearing.

14.      At the May 28, 2015 hearing, the Joint Trade Board heard testimony that New England SandBlasting and Painting Corp. had failed to pay $207,735.00 in delinquent principal contributions due for the work of one of the Company's employees.

15.      New England SandBlasting and Painting Corp. put forward testimony at the May 28, 2015 hearing that the employee in question was not a member of the bargaining unit who

performed work covered by the Agreement, and that therefore the Company did not owe the Funds the $207,735.00 in delinquent principal contributions for that employee.

16.     The Joint Trade Board voted to table the matter, and gave New England SandBlasting and Painting Corp. the opportunity to come forward with any documentary evidence to substantiate its position that the employee in question was not a member of the bargaining unit who performed work covered by the Agreement, and that therefore the Company did not owe the Funds the $207,735.00 in delinquent principal contributions for that employee.

17.     In a June 2, 2015 letter, the Joint Trade Board notified New England SandBlasting and Painting Corp. of its decision to table the matter, and to give the Company the opportunity to come forward with any documentary evidence supporting its position. A true and accurate copy of that June 2, 2015 letter is attached hereto as Exhibit B.

18.     Following the June 2, 2015 letter, New England SandBlasting and Painting Corp. never came forward with any evidence – documentary or otherwise – to support its position that the employee in question was not a member of the bargaining unit who performed work covered by the Agreement, and that therefore the Company did not owe the Funds the $207,735.00 in delinquent principal contributions for that employee.

19.     In light of New England SandBlasting and Painting Corp.'s failure to come forward with any evidence in support of its position, on July 15, 2015, the Joint Trade Board amended its May 28, 2015 decision to find that New England SandBlasting and Painting Corp. was, in fact, delinquent to the Funds in the sum of $207,735.

20.     The Joint Trade Board notified New England SandBlasting and Painting Corp. that the Company owed principal delinquencies in the sum of $207,735, as well as continuing interest, liquidated damages equal to 20% of the principal delinquencies, and a $200

administrative fee for the Joint Trade Board. A true and accurate copy of that June 15, 2015 letter is attached hereto as Exhibit C.

21.     At this time, New England SandBlasting and Painting Corp. owes the Funds $207,735, liquidated damages amounting to 20% of the principal delinquencies or $41,547, continuing interest, the Funds legal fees and costs for collection, and a $200 administrative fee for the Joint Trade Board.

## COUNT I – ERISA

22.     Plaintiff repeats and incorporates by reference herein paragraphs 1 through 21 above.

23.     Absent an order from this Court, the Defendant will continue to refuse and fail to pay the sums it owes Plaintiff Funds, as well as the continuing interest, statutory liquidated damages, an administrative fee of $200, and reasonable attorney's fees and costs.

24.     The failure of New England SandBlasting and Painting Corp. to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

25.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

26.     The Funds are entitled to recover the full amount of unpaid contributions through the date of the Judgment in this matter, plus all amounts due of past-due interest on late-paid contributions, continuing interest on unpaid contributions, liquidated damages, and reasonable attorney's fees and costs, pursuant to ERISA.

## COUNT II -- VIOLATION OF THE
## COLLECTIVE BARGAINING AGREEMENT

27.     Plaintiffs repeat and incorporate by reference herein paragraphs 1 through 26 above.

28.     The Agreement is a contract within the meaning of §301 of the LMRA.

29.     The failure of New England SandBlasting and Painting Corp. to submit to pay principal contributions, the continuing or past due interest on behalf of its covered employees, and the other costs that are due and owing violates the terms of the Agreement.

30.     The Company's failure or refusal to pay its obligations under the collective bargaining agreement violates its obligations under §301 of the LMRA, 29 U.S.C. §185.

## COUNT III – ENFORCEMENT OF ARBITRATION AWARD

31.     Plaintiff repeats and incorporates by reference herein paragraphs 1 through 30 above.

32.     The arbitration award issued by the Joint Trade Board requires defendant New England SandBlasting and Painting Corp. to pay the amount of the award, all continuing interest, liquidated damages, an administrative fee of $200.00, and reasonable attorneys' fees and costs of collection.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests this Court to grant the following relief:

a.      Pursuant to Counts I and II, Order New England SandBlasting and Painting Corp. to make all payments due and owing under the Agreement;

b.      Enter a preliminary and permanent injunction enjoining New England SandBlasting and Painting Corp. from refusing or failing to pay the delinquent sums due and owing;

6

c.      Pursuant to Count III, enter a judgment in favor of The Funds, and against New England SandBlasting and Painting Corp., to confirm and enforce the arbitration award of the Joint Trade Board in the amount of the award, plus interest and penalties as described in the award;

d.      Such further and other relief as this Court may deem appropriate.


                                        Respectfully submitted,

                                        WILLIAM MCDEVITT, as he is
                                        ADMINISTRATOR, PAINTERS AND
                                        ALLIED TRADES DISTRICT COUNCIL
                                        No. 35 TRUST FUNDS,

                                        By his attorneys,


                                        /s/ Louis A. Mandarini
                                        Paul F. Kelly, Esq., BBO #267000
                                        Kathryn S. Shea, BBO #547188
                                        Louis A. Mandarini, BBO #669293
                                        Segal Roitman, LLP
                                        111 Devonshire Street, 5th Floor
                                        Boston, MA  02109
                                        (617) 742-0208, Ext. 253
Dated:  August 3, 2015                  lmandarini@segalroitman.com